UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES J. FOSTER,

      Plaintiff,

v.                           Case No. 5:24-cv-460-TJC-PRL

SUMTER LANDING COMMUNITY       **DISPOSITIVE MOTION**
DEVELOPMENT DISTRICT,
VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT, AND
DAVID WILLIAMS

      Defendants.
_____/

## DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW
### [Amended only to add Local Rule 3.01(g) Certification]

COME NOW, Defendants, Sumter Landing Community Development District (hereinafter "SLCDD"), Village Center Community Development District (hereinafter "VCCDD"), and David Williams (hereinafter "Mr. Williams") (collectively referred to as "Defendants"), by and through their undersigned counsel, and move this Honorable Court for the entry of an Order dismissing Plaintiff's claims and in support thereof states as follows:

## I.    INTRODUCTION AND BACKGROUND

Plaintiff, James J. Foster (hereinafter referred to as "Plaintiff" or "Mr. Foster"), filed his original Complaint in the Circuit Court of the Fifth Judicial

1

Circuit in and for Sumter County, Florida, Case Number 2023-CA-000162, on April 3, 2024, alleging that SLCDD and VCCDD, wronged him by not allowing him access to the Executive Golf Courses at The Villages in Sumter County, Florida (Doc. 1-3, pgs. 5-8). On May 7, 2024, Plaintiff filed an Amended Complaint adding Mr. Williams as a named Defendant, and stating similar allegations, but citing Florida law, and including three claims against the named Defendants (Doc. 1-3, pgs. 50-59).

On August 2, 2024, Plaintiff filed a "Motion for Leave to File a Second Amended Complaint and Memorandum of Law" which stated: "The proposed Second Amended Complaint is substantively identical to the Amended Complaint that had been filed May 7, 2024, except it adds a Fourth Claim, which asserts that Defendants' conduct violates 42 U.S.C. §1983." (Doc. 1-3, pgs. 95-97)

Plaintiff attached his proposed "Second Amended Complaint" to the aforementioned motion.  (Doc. 1-3, pgs. 98-106). On August 19, 2024, the Circuit Court entered an Order granting Plaintiff's motion and in paragraph 2 of the Order stated: "Plaintiff, within 10 days from the date of this order, shall file the Second Amended Complaint as an independent filing." (Doc. 1-3, pgs. 121-122). That same day (August 19, 2024), Plaintiff independently re-filed his "Second Amended Complaint", (Doc. 1-1).

Plaintiff alleges damages and purports to allege federal claims against Defendants under 42 U.S.C. §1983 and a deprivation of rights secured by the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. *See* Doc. 1-1, "Fourth Claim."

Plaintiff alleges that he is seeking a permanent injunction preventing the Defendants from enforcing a policy that people playing golf on one of their Executive Golf Courses must adhere to a specific dress code; specifically, that men wear a collared shirt. He presents various theories for why he alleges that the Defendants conduct is illegal, and cites to certain statutory authority he alleges supports his position. However, Plaintiff's reliance on the provisions of Fla. Stat. §120 is misplaced as they refer to the procedures under the Chapter of Florida Statutes referred to as the Administrative Procedures Act, which are not applicable to a court. Further, the allegations contained in the underlying Second Amended Complaint are so vague, inconsistent, conclusory, impertinent, and unsupported by law that they fail to state of cause of action.

Some of the pleading deficiencies in the Second Amended Complaint include: failing to state a cause of action recognized under the law; lack of jurisdiction; lack of standing, improperly naming an immune Defendant as a party, and the Complaint being an improper shotgun pleading. As discussed *infra*, Plaintiff's Amended Complaint should be dismissed with prejudice.

# II. ARGUMENT

## A.    Motion to Dismiss Standard

Under the pleading requirements of Rule 8(a)(2) Fed.R.Civ.P., a plaintiff is required in his complaint to make a showing, rather than a blanket assertion, of entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That is, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. When the allegations in a complaint, do not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id*. at 558.

A motion to dismiss under Rule 12(b)(6) admits the well-pled allegations of the complaint, but denies their legal sufficiency. However, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In a motion to dismiss, the court need only accept well-pled facts and reasonable inferences drawn from those facts. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *see also Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023) (The tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions).

While the standard of construction with respect to reviewing a denial of a motion to dismiss is liberal, it does not impose upon the court the duty to rewrite the complaint for the plaintiff, or to assume facts not contained within the complaint. *See Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 n.17 (11th Cir. 1993) (explaining that even if the record demonstrates that a factual basis exists, a plaintiff is still required to plead those facts in order to survive a motion to dismiss.). The complaint must allege the relevant facts with some specificity. *See Gonzalez*, 325 F.3d at 1235. More than mere conclusory notice pleading is required... Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. *Id*.

**B.    Failure To State A Cause of Action**

**1.    *Plaintiff fails to plead the necessary elements for an action seeking injunctive relief***

It is well-settled that a district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the proposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is an extraordinary and drastic remedy not to be

granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *Id*. A showing of irreparable injury is the *sine qua non* of injunctive relief. *Id*. As the Eleventh Circuit has emphasized on many occasions, the asserted irreparable injury must be neither remote nor speculative, but actual and imminent. *Id*. Likewise, under Florida law a temporary injunction is an extraordinary and drastic remedy which should be sparingly granted.  See Florida High School Athletic Ass'n v. Melbourne Central Catholic High School, 867 So.2d 1281, 1285 (Fla. 5th DCA 2004).  Also, under Florida law, an "injunction is an extraordinary remedy, harsh and drastic, particularly in its mandatory form, where equity goes beyond mere restraint and commands that acts be done or undone." *First Nat. Bank in St. Petersburg v. Ferris*, 156 So.2d 421, 423 (Fla. 2nd DCA 1963). "Such injunctions are looked upon with disfavor by the courts and are granted but sparingly and cautiously." *Id*. "To obtain a permanent injunction, the petitioner must establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief." *Hollywood Towers Condo. Ass'n, Inc. v. Hampton*, 40 So. 3d 784, 786 (Fla. 4th DA 2010) (internal citations omitted). "A complainant, in alleging irreparable injury, must state facts which will enable the court to judge whether the injury will in fact be irreparable, and mere general allegations of irreparable injury will not suffice." *First Nat. Bank in*

*St. Petersburg*, 156 So.2d at 423-424. If the injury complained of is doubtful, eventual, or contingent, injunctive relief will not be afforded. *Id*. at 424.

Here, Plaintiff fails to identify a clear right affected that would entitle him to injunctive relief. In paragraph 7 of the underlying Complaint, Plaintiff alleges that he has a right to use the Executive Golf Courses based on a contract between himself and "CDD 6" (who is not a party to this matter), and further refers generally to another contract between CDD 6 and the "CDD Defendants" which Plaintiff does not allege to be a party to. *See* Plaintiff's Second Amended Complaint (Doc, 1.1), at ¶ 7. Therefore, Plaintiff failed to establish a clear right that would entitle him to the relief requested.

Furthermore, Plaintiff fails to specifically allege one instance through which he was denied access to the Executive Golf Courses. Instead, he alleges in a speculative and self-serving manner, based on hearsay, a supposed directive by Mr. Williams to bar individuals, at some unspecified time in the future, from golfing if they do not wear collared shirts. *See* Doc. 1-3, pg. 101, ¶¶ 17 & 19. However, if the injury complained of is "doubtful, eventual, or contingent, injunctive relief will not be afforded." *First Nat. Bank in St. Petersburg*, 156 So.2d at 424.

Therefore, the Defendants request this Honorable Court dismiss the Second Amended Complaint, because it fails to plead the necessary elements for an action seeking injunctive relief.

## 2. *Plaintiff fails to plead any elements of any cause of action recognized under the law*

Rule 8(a)(2) Fed.R.Civ.P., requires to make a showing, rather than a blanket assertion, of entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). When the allegations in a complaint, do not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id*. at 558.

Here, Plaintiff fails to plead elements of any cause of action under the law. Plaintiff inconsistently pleads incomplete legal conclusions throughout his Complaint. Plaintiff alleges that he has a obtained the "right by law" to use the Executive Golf Courses based on a contract under which he pays amenity fees. *See* Doc. 1-1, at ¶ 8. Plaintiff is simultaneously alleging a contractual right and a "right by law" of which he provides no source of authority. Defendants are unable to ascertain what cause of action the Plaintiff is pleading, which prejudices the Defendants by being unable to defend against the unknown claims. Therefore, because Plaintiff fails to state a cause of action under the law, the Second Amended Complaint should be Dismissed.

C.    <u>**The Second Amended Complaint is an impermissible shotgun pleading**</u>

The purpose of the Federal Rules of Civil Procedure governing pleadings is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021). These rules were also written for the benefit of the Court, which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced at trial is relevant. *Id.*  A shotgun pleading is a complaint that violates either Fed. R. Civ. P. 8(a)(2) or Rule 10(b), or both. *Id.* Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the Court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked. *Id.*

The Eleventh Circuit has identified four general categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "each cause of action or claim for relief" into a different count; and, (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts

or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021).

Plaintiff's Second Amended Complaint contains conclusory, vague, and immaterial facts not obviously connected to any particular cause of action that are so wholly irrelevant that they have no bearing on the equities and no influence on the decision of this Court. For example, paragraph 6 of the underlying Complaint, in which he calls the Defendants' Executive Golf Courses "bare-boned" as having "shabby, almost unplayable conditions," is immaterial and has no bearing on the equities in this matter. *See* Doc 1.1, at ¶ 6. Further, paragraph 6 alleges, "Following public outcry, several have been forced to close for 'rest and rehabilitation.'" *Id.* None of the allegations in paragraph 6 support Plaintiff's "claim" that he has a right to use the Executive Golf Courses without wearing a collared shirt. Therefore, paragraph 6 is so wholly irrelevant that it has no bearing on the equities and no influence on the decision of this Court.

Further, paragraphs 10-14 in which the Plaintiff discusses his, and his perceived views of others, preference for collarless shirts, as well as what he perceives as "acceptability of this mode of dress" is wholly irrelevant and has no bearing on the equities and no influence on the decision of this Court, to decide whether the Defendants' policy was illegal. *See id.* at ¶¶ 10-14.

10

Furthermore, paragraph 20 which references unsubstantiated data attempting to inform the Court of the dangers of heat related illness, specifically for elderly individuals, is wholly irrelevant and has no bearing on the equities and no influence on the decision of this Court, to decide whether the Defendants' policy was illegal. *See id*. at ¶ 20. First, the unsubstantiated statistics provided by Plaintiff do nothing to aid the Court's interpretation in whether the Defendants possess the authority to enforce a dress code at the Executive Golf Courses. Further, paragraph 20 is wholly irrelevant because Plaintiff's unsubstantiated claim does not even suggest that an elderly person wearing a collared shirt in 90-degree heat results in more hospitalizations than those individuals that do not wear collared shirts. Paragraph 20 is wholly irrelevant.

Finally, Plaintiff is improperly comingling causes of actions and Defendants by containing multiple counts where each count adopts the allegations of all preceding counts. Specifically, in each of the Plaintiffs four Claims, Plaintiff incorporates all prior allegations into each claim. *See* Doc. 1.1, at ¶¶ 15, 32, 44, and 51.

### D. <u>Plaintiff Improperly Cites to Chapter 120 of Florida Statutes referred to as the Administrative Procedures Act, and as such Plaintiff Failed to Properly Plead that this Honorable Court has Jurisdiction for this matter.</u>

Fla. Stat. §120.68(1)(a) provides, "A party who is adversely affected by final agency action is entitled to judicial review." Fla. Stat. §120.68 outlines the procedure for which a party may seek judicial review of final agency action. There

11

are two primary methods for which a party may challenge the action of an administrative agency, and when considering which vehicle is appropriate for a party to redress their grievances, "[a] distinction between a proceeding essentially seeking a review of agency action, and one essentially seeking a determination of rights has also been used as a litmus in determining jurisdiction." *State, Dep't of Health & Rehab. Servs. v. Lewis*, 367 So. 2d 1042, 1045 (Fla. 4th DCA 1979). In the former scenario, the Administrative Procedure Act controls, whereas in the latter, jurisdiction lies in the state circuit court. *Id.* The distinction lies in what specifically about an agency's actions a party is challenging. "[T]he sole method of challenging agency action is by a petition for review in the appropriate district court of appeal after all administrative remedies have been exhausted, when those remedies are available and adequate." *Metro. Dade Cnty. v. Dep't of Com.*, 365 So. 2d 432, 434 (Fla. 3rd DCA 1978). However, the procedure prescribed under the Administrative Procedures Act "cannot relegate matters of constitutional proportions to administrative agency resolution, nor can it impair judicial jurisdiction to determine constitutional disputes." *Id.* at 434-435. "[C]onstitutional challenges to administrative agency actions are for the courts alone to determine and are not for administrative resolution. *Id.* "One who seeks a constitutional remedy has the duty of clearly and positively presenting the issue at the pleading stage and cannot simply hint at the issue in his complaint." *Id.* A party "must present a plain

statement of the ultimate facts establishing the violation of their constitutional rights." *Id*. "The statement must be sufficiently detailed to establish constitutional violations on the face of the complaint." *Id*. Only in such a case will the circuit court have jurisdiction. *Id*.

In Count I (First Claim) Plaintiff does not identify an administrative agency whose actions he is challenging, therefore, it appears he improperly relied on the Administrative Procedures Act as support for his allegations that the Defendants acted illegally. *See* Doc. 1.1, at ¶¶ 45-51. Even assuming for the sake of argument that Plaintiff is alleging that the Defendants are administrative agencies, Plaintiff fails to allege either: 1) that he exhausted all administrative remedies as a condition precedent to maintaining this action, or 2) that he is challenging the constitutionality of administrative action in Count I. Plaintiff does not identify a Constitutional Right in Count I that he alleges the Defendants violated. Nor does he provide a sufficiently detailed statement describing how an alleged right was violated on the face of the underlying Complaint.

Therefore, it appears the Plaintiff improperly referenced the Administrative Procedures Act as a source of authority in this matter, while failing to allege the Court's jurisdiction to decide to review actions of administrative agencies under the Administrative Procedures Act. Therefore, the Second Amended Complaint must be dismissed for failing to state a cause of action for which relief can be

granted, in addition to lack of jurisdiction to decide matters under the Administrative Procedures Act.

E. **Defendants Have Not Waived Sovereign Immunity and Plaintiff Fails to Plead A Cause of Action Which Would Result in a Waiver Thereof; Plaintiff Lacks Standing to Sue**

"[W]here the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract." *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984). However, "[a] person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994). The exception to this rule is where the entity that is not a party to the contract is an intended third-party beneficiary of the contract. *Id.* A party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong. *Id.*

Plaintiff cites to *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984) as support that Defendants are not entitled to sovereign immunity. The Florida Supreme Court in *Pan-Am Tobacco Corp.*, held, "where the state has entered into a contract fairly authorized by the powers granted by general law, the defense

14

of sovereign immunity will not protect the state from action arising from the state's breach of that contract." 471 So. 2d 4, 5 (Fla. 1984).

Plaintiff failed to properly plead that he has standing to sue for breach of contract to the alleged "expressed written contract between the CDD Defendants and CDD 6." *See* Doc 1.1, at ¶ 41. Therefore, Plaintiff's reliance on *Pan-Am Tobacco Corp.*, is misplaced, because *Pan-Am Tobacco Corp.*, holds that state agencies can be sued to enforce contracts they entered into with other parties. However, in the Second Amended Complaint Plaintiff does not 1) allege to be a party to the contract between the CDD Defendants and CDD 6; nor 2) plead that the contract between CDD Defendants and CDD 6 expressly contemplates the Plaintiff as an intended third-party beneficiary.

Therefore, Plaintiff has failed to state of cause of action for which Defendants have waived their sovereign immunity to the Plaintiff by entering in a contract with him. Further, Plaintiff lacks standing to bring forth a cause of action for breach of the contract between the CDD Defendants and CDD 6. Therefore, Plaintiff's Second Amended Complaint must be Dismissed as it fails to allege that the CDD Defendants have waived their sovereign immunity.

**F.    An Officer, Employee, or Agent of the State or of any of its Subdivisions may Not be Held Personally Liable in Tort or Named as a Party Defendant**

Fla. Stat. §768.28(9)(a) provides, in part:

An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

"Importantly, the immunity provided by section 768.28(9)(a) is both an immunity from liability and an immunity from suit." *Willingham v. City of Orlando*, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). "[T]he trial judge must act as a gatekeeper in these circumstances, and should terminate civil proceedings when the immunity applies." *Id.*

In the underlying Complaint, Plaintiff names Mr. Williams as a Defendant. It is unclear whether Mr. Williams is named as a Defendant in his personal capacity, or through his capacity as the Executive Director of Golf Operations.

To the extent that he is being sued in his official capacity, it is submitted that any such claims should be dismissed since they are tantamount to a claim against his employer. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1995); *Penley v. Eslinger*, 605 F.3d 843, 854 (11th Cir. 2010). His employer, VCCDD, is already a named party in this case and such claims are thus duplicitous. Therefore, Plaintiffs' claims against Mr. Williams in his official capacity should be dismissed. Additionally, Mr. Williams is immune from suit in tort under Fla. Stat. §768.28(9)(a) as he was employed by VCCDD, which is a governmental entity entitled to sovereign

immunity. *See* Fla. Stat. §190.043. Although the Second Amended Complaint alleges the Plaintiff is not seeking a cause of action in tort (*See* Doc 1.1, at ¶ 39), Plaintiff nonetheless pleads that "The CDD Defendants are responsible for the illegal acts of Defendant Williams under the doctrine of *respondeat superior*. *See* Doc 1.1, at ¶ 33. However, the doctrine of *respondeat superior* is a theory of vicarious liability in tort. "An employer is vicariously liable for compensatory damages resulting from the negligent acts of employees committed within the scope of their employment even if the employer is without fault." *McKee v. Crestline Hotels & Resorts, LLC*, 376 So. 3d 758, 763 (Fla. 4th DCA 2024). The doctrine of *respondeat superior* "is based upon the long-recognized public policy that victims injured by the negligence of employees acting within the scope of their employment should be compensated even though it means placing vicarious liability on an innocent employer." *Id.*

The Second Amended Complaint does not plead elements of any cause of action under a theory of negligence or any other tort. Instead, Plaintiff alleges an illegal deprivation of an unidentified "right by law." Therefore, not only is it unclear what cause of action the Plaintiff is pursuing, but also Plaintiff is inconsistently pursuing theories of liability under tort, while expressly stating that he is not bringing forth a claim in tort. Therefore, if the Plaintiff is pleading that the CDD Defendants are liable for the conduct of Mr. Williams under the theory

of *respondeat superior*, a doctrine of tort law, then Mr. Williams is improperly named as a Defendant in this suit as he is immune from liability and suit under Fla. Stat. §768.28(9)(a). Therefore, the claims against Mr. Williams in his individual capacity should be dismissed as he is immune from suit.

### G. There was no constitutional violation and qualified immunity

Plaintiff purports to allege a deprivation of rights secured by the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, without properly alleging pursuant to the Federal Rules of Civil Procedure, a proper legal and factual basis for the alleged violations.

With regard to Plaintiff's claims under the Fifth Amendment, its protection extends to all persons within the United States, but attaches only when the federal government seeks to deny a liberty or property interest. *Jordan v. Mosley*, 298 Fed.Appx. 803, 806 n. 5 (11th Cir. 2008) *citing Knoetze v. U.S. Department of State*, 634 F.2d 207, 211 (5th Cir. 1981); *Archibald v. City of Creola*, 2023 WL 5352616 at \*5 (S.D. Ala.) (Fifth Amendment, which protects individuals from being deprived of life, liberty, or property, without due process of law, applies to only federal, not state, actors.). The underlying Complaint is devoid of any allegations regarding any federal actors and, therefore, any claims under the Fifth Amendment should be dismissed.

With regard to Mr. Foster's claims under the Ninth Amendment, the court's holding in *Thomas v. Howze*, 2008 WL 2359750 at *4 (N.D. Fla.) is instructive. The *Thomas* court stated, and we cite *in extenso*:

> "Plaintiff makes a conclusory claim that his Ninth Amendment rights were violated. Doc. 10, p. 6. This is not an independent claim. The Ninth Amendment does not authorize civil rights claims nor does it independently secure any constitutional rights. *Parham v. Lamar*, 1 F.Supp.2d 1457, 1461 (M.D. Fla. 1998) (relying on *Olzinski v. Maciona*, 714 F.Supp. 401 (E.D. Wis. 1989) to dismiss a Ninth Amendment claim where plaintiff failed to identify the fundamental right implicitly guaranteed by the Ninth Amendment allegedly violated by the defendant); *Charles v. Brown*, 495 F.Supp. 862, 864 (N.D. Ala.1980) (granting a motion to dismiss upon holding that "a § 1983 claim based solely on alleged Ninth Amendment rights must fail because there are no constitutional rights secured by that amendment."). Defendants' motion to dismiss should be granted on this basis as well."

Moreover, this Honorable Court has followed *Thomas'* holding dismissing such claims. *See Tarantino v. Citrus County Government*, 2013 WL 12153541 at *4 (M.D. Fla.); *see also Spano v. Satz*, 2011 WL 1303147 at *7 (S.D. Fla.) (same). Accordingly, it is respectfully submitted that Plaintiff's claims under the Ninth Amendment should be dismissed.

Plaintiff also purports to allege claims under the Fourteenth Amendment and fails to allege which provisions of the Fourteenth Amendment were violated. The Supreme Court has clearly held that where a particular amendment provides an explicit textual source of constitutional protection against a particular source of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing Plaintiffs' claims.

*Graham v. Connor*, 490 U.S. 386 (1989). Accordingly, any claims under the Fourteenth Amendment should be dismissed.

Additionally, with regard to Mr. Williams, government actors are entitled to qualified immunity unless their supposedly wrongful act was already established to such a high degree that every objectively reasonable official standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances. *Long v. Slaton*, 508 F.3d 576, 584 (11th Cir. 2007). A plaintiff has the burden of demonstrating that the defendant - at the pertinent time and given the specific circumstances of the case had fair notice that his conduct would violate clear federal law. *Id*. Importantly, official conduct is generally accorded a presumption of legitimacy. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). It is respectfully submitted that even if one assumes for the sake of argument that Mr. Williams did something wrong- which is denied-, he is entitled to qualified immunity.

## III.   <u>CONCLUSION</u>

For the reasons stated above, it is respectfully submitted that all claims against Defendants should be dismissed.

### <u>Local Rule 3.01(g) Certification</u>

Movant hereby certifies that undersigned counsel has conferred with *pro se* Plaintiff, James Foster, and the forgoing motion is opposed. Conference occurred by email and telephonic means.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this this 9th day of September, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and a true copy is served via U.S. Mail and e-mail to: James J. Foster, *Pro se*, 1027 Mallard Lane, The Villages, FL 32162 at: jimfoster@alum.mit.edu .

*/s/ Jon Christian Prusinowski*
Jon Christian Prusinowski, Esquire
Florida Bar No.: 1025082
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Attorney for Defendants
Primary e-mail:
cprusinowski@roperpa.com
Secondary e-mail:
emarrero@roperpa.com
