UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALLY SCAGLIONE, as Putative Personal
Representative of the Estate of PETER
THOM,

    Plaintiff,

vs.

TOYOTA MOTOR MANUFACTURING,
TEXAS, INC., a Foreign Profit Corporation;
TOYOTA MOTOR NORTH AMERICA,
INC., a Foreign Profit Corporation; and
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., a Foreign Profit Corporation,

    Defendants.

CASE NO.: 8:24-CV-02340-KKM-CPT

**DEFENDANT TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") files its Answer and Defenses to Plaintiff's Complaint and states as follows:

**ANSWER**

1. TEMA admits Plaintiff's Complaint alleges damages in excess of $75,000 and complete diversity of citizenship between Plaintiff and Defendants; however, TEMA denies that Plaintiff is entitled to recover any alleged damages from TEMA and demands strict proof thereof at time of trial. TEMA does not dispute Plaintiff's venue selection.

2. TEMA is without sufficient information to admit or deny the allegations contained in Paragraphs 2-3 and 16 of Plaintiff's Complaint and demands strict proof thereof at time of trial.

3. Regarding Paragraphs 10-12, TEMA admits it is a Kentucky corporation with its principal place of business in Plano, Texas. TEMA also admits its Kentucky registered agent is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601. TEMA denies the remaining allegations of these paragraphs, expressly denies the allegations of injury and damages caused by wrongdoing and product defect as alleged in Paragraph 11c-e, and demands strict proof thereof.

4. Regarding Paragraph 13, TEMA admits, upon information and belief that the accident which is the subject of this litigation occurred in a county located within the judicial district of the United States District Court for the Middle District of Florida and TEMA does not dispute Plaintiff's venue selection.

5. Regarding Paragraph 14, TEMA admits it was involved with the engineering, design, development, and testing of the 2023MY U.S. built Toyota Tundra, VIN 5TFJA5DB7PX090047 ("the subject vehicle")." and tested 2023 Toyota Tundra model vehicles generally. The remaining allegations of this paragraph pertain to entities other than TEMA and no response is required. To the extent a response is required, TEMA denies that it manufactured/assembled or distributed/sold the subject vehicle.

6. Regarding Paragraphs 20-26, TEMA admits that Toyota Motor North America, Inc. ("TMNA") initiated a voluntary recall (NHTSA Campaign No.

2

23V566000) on August 10, 2023 relating to a condition which could increase the risk of fire in certain 2022-23MY U.S. built Toyota Tundras equipped with a fuel tube assembly and surrounding components of a specific design prior to production changes to the fuel tube.  TEMA further admits that TMNA published a Defect Information Report which speaks for itself and which included a Chronology of Principal Events leading to the issuance of the recall.  TEMA denies that the recall condition manifested in the subject vehicle or caused the fire or injuries and damages alleged in the Complaint.  TEMA denies all remaining allegations in Paragraphs 20-26 and demands strict proof thereof.

      7.     Regarding Paragraph 57 and 64, TEMA admits that it was involved with the engineering, design, development, and testing of the subject vehicle. TEMA denies that it manufactured/assembled or distributed/sold the subject vehicle.

      8.     Regarding Paragraph 65, TEMA admits that product designers, manufacturers and sellers/distributors have certain duties under Florida law, but denies those duties are as averred in Paragraph 65 or apply as alleged in that paragraph. TEMA denies the remaining allegations of this paragraph and expressly denies the allegations of injury and damages caused by wrongdoing and product defect as alleged in Paragraph 65 and demands strict proof thereof.

      9.     The allegations of Paragraphs 4-9, Count I (Paragraphs 30-36), Count II (Paragraphs 37-42), Count III (Paragraphs 43-49), and Count IV (Paragraphs 50-55) pertain to parties other than TEMA and no response is required.  To the extent a

response is required, TEMA refers to the other Parties' respective answers to these paragraphs.

10. TEMA denies each and every remaining averment and allegation of the Complaint not specifically admitted herein, and demands strict proof thereof. TEMA expressly denies all allegations of injury and damages caused by wrongdoing or product defect in the subject vehicle or any component parts or systems of the subject vehicle.

## DEFENSES AND AFFIRMATIVE DEFENSES

For its defenses and affirmative defenses, TEMA states:

1. Plaintiff's Complaint fails to state a cause of action against TEMA.

2. To the extent Plaintiff's Decedent failed to properly operate the subject vehicle, including operating the subject vehicle at a speed which was not safe for the conditions, failed to maintain the vehicle within the lane of travel, failed to maintain a proper operating position, or was otherwise negligent and caused or contributed to the accident, the injuries, death and damages complained of were the result of the negligence of Plaintiff's Decedent, thereby barring or proportionately reducing the Plaintiff's recovery against TEMA, if any.

3. Plaintiff's Decedent had knowledge of the risks and potential hazards in the event of a collision similar to the one complained of and voluntarily assumed all risks of injury ordinarily incident thereto.

4. The injuries or losses complained of were caused by the careless and negligent acts or omissions of a person or persons, entity or entities, known or

unknown, for whose conduct Defendants bear no responsibility, including but not limited to Plaintiff's Decedent. Said acts or omissions were the proximate cause of the subject accident, injuries, and damages, thus barring or reducing proportionately all claims for damages against TEMA. TEMA reserves the right to amend this affirmative defense prior to trial if any other responsible parties or nonparties are identified through its discovery or investigation.

5. The provisions of Fla. Stat. § 768.81 are applicable to any recovery against TEMA by Plaintiff herein.

6. The injuries and damages complained of were not reasonably foreseeable to TEMA, thus barring or reducing proportionately all claims for damages against TEMA.

7. Plaintiff's Decedent failed to read, comprehend, and/or heed any recommendations, instructions, campaigns / advisories, and warnings provided, thereby causing or contributing to the accident and/or injuries, thus barring or reducing proportionately all claims for damages.

8. No additional warnings would have / could have prevented the accident, injuries, and / or damages complained of in the Complaint.

9. To the extent the subject vehicle, the component parts or systems of the subject vehicle, or both, were modified or altered or both after the subject vehicle left the manufacturer's custody and control, all claims for damages by Plaintiff are barred or reduced proportionately.

10. The acts or omissions alleged as to TEMA were not substantial factors in bringing about the injuries and damages at issue and, therefore, were not a contributing cause thereof, but were superseded by acts or omissions of others, including Plaintiff's Decedent, which are independent, intervening, and proximate causes of the alleged injuries and damages.

11. At the time and place complained of and prior thereto, the subject vehicle, the component parts or systems of the subject vehicle, or both had been subject to misuse by Plaintiff's Decedent, which misuse caused or contributed to the accident and injuries alleged, thus barring or reducing proportionately all claims for damages against TEMA.

12. At the time and place complained of and prior thereto, the subject vehicle had been subject to unforeseeable or abnormal use by Plaintiff's Decedent, which unforeseeable or abnormal use caused or contributed to the accident and injuries alleged, thus barring or reducing proportionately all claims for damages against TEMA.

13. To the extent the subject vehicle, the component parts or systems of the subject vehicle, or both were substantially changed from when they left the custody and control of Defendants, all claims for damages by Plaintiff are barred or reduced proportionately.

14. There is no private right of action for alleged failure to issue a recall.

15. TEMA is entitled to a set-off from any recovery against it in the amount of any settlement or other payment made to or on behalf of Plaintiff arising out of the accident which is the subject of this lawsuit.

16. TEMA is entitled to a set-off from any recovery against it to the extent of any insurance benefits paid or payable to or on behalf of Plaintiff arising out of the accident which is the subject of this lawsuit.

17. TEMA is entitled to a set-off from any recovery against it to the extent of all collateral sources, and any and all other benefits received by or paid to or on behalf of Plaintiff arising out of the accident which is the subject of this lawsuit.

18. TEMA asserts all defenses available to it under Florida's 2023 Tort Reform Act signed into law by Governor Ron DeSantis on March 24, 2023.

19. To the extent Plaintiff, Plaintiff's representatives or any third party failed to properly preserve the evidence in this cause, TEMA asserts the defense of spoliation.

20. Plaintiff lacks standing to assert wrongful death claims against TEMA which also deprives this court of jurisdiction to adjudicate this case.

21. Plaintiff fails to allege, and cannot prove, the requisite level of culpability on the part of TEMA to satisfy the requisite elements, statutory or otherwise, for establishing a claim for punitive damages.

22. To the extent Plaintiff seeks punitive damages from TEMA, TEMA states that the imposition of punitive damages against it in this cause would be

fundamentally unfair and would violate the Constitution of the United States and Constitution of the State of Florida.

23.　TEMA reserves the right to assert such additional defenses and affirmative defenses as may be appropriate.

## DEMAND FOR JURY TRIAL

TEMA demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. prays that judgment be entered in its favor and against Plaintiff as to all claims advanced by Plaintiff against it, that the costs of this action be taxed against Plaintiff, and for such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Steven I. Klein*
ROBERT L. BLANK, B.C.S.
Florida Bar No. 0948497
E-mail:  rblank@rumberger.com
rblanksecy@rumberger.com
docketingtpa@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
100 North Tampa Street, Suite 2000
Tampa, Florida  33602
Tel:  (813) 223-4253
Fax: (813) 221-4752

STEVEN I. KLEIN
Florida Bar No.  0675245
E-mail:  sklein@rumberger.com
skleinsecy@rumberger.com
docketingorlando@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Tel:  (407) 872-7300

Fax: (407) 841-2133

*Attorneys for Defendants, Toyota Motor Manufacturing, Texas, Inc.; Toyota Motor North America, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on November 1, 2024 on counsel or parties of record below:

Andrew F. Knopf
Brent R. Bigger
J. Blaise Fischbach
Paul Knopf Bigger
1560 N. Orange Ave., Suite 300
Winter Park, FL  32789
andrew@pkblawfirm.com
abla@pkblawfirm.com
blaise@pkblawfirm.com
burton@pkblawfirm.com
jazmin@pkblawfirm.com
nick@pkblawfirm.com
teamAFK@pkblawfirm.com
TeamCJB@pkblawfirm.com
teamJBF@pkblawfirm.com
brent@pkblawfirm.com
janice@pkblawfirm.com
kathryn@pkblawfirm.com
vielka@pkblawfirm.com
*Counsel for Plaintiff*

/s/ *Steven I. Klein*
ROBERT L. BLANK, B.C.S.
Florida Bar No. 0948497
E-mail:  rblank@rumberger.com
rblanksecy@rumberger.com
docketingtpa@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
100 North Tampa Street, Suite 2000
Tampa, Florida  33602

9

Tel:  (813) 223-4253
Fax: (813) 221-4752

STEVEN I. KLEIN
Florida Bar No.  0675245
E-mail:  sklein@rumberger.com
skleinsecy@rumberger.com
docketingorlando@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Tel:  (407) 872-7300
Fax: (407) 841-2133

*Attorneys for Defendants, Toyota Motor Manufacturing, Texas, Inc.; Toyota Motor North America, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.*